The court took time to deliberate, and Chancellor Rutledge delivered the decree of the court.
Upon a fair construction of the will of J. Deas, nothing can be more clear and manifest than that the testator never intended his wife should possess any part of his real estate, except a life estate in Mount Holly, on which he directed a house to be built for her accommodation on a certain contingency. It is also as clear that had not the law for abolishing the right of primogeniture interfered, the defendant, upon the death of testator’s children, during minority, would have been entitled to his real estate. The act abolishing the right of primogeniture, passed since the testators death, and also the amendatory act, have made a total alteration in the law, both as to real and personal estates, by making the father or mother of an intestate child capable of taking the real estate, particularly in exclusion of those who were formerly entitled to it. We wished to have restricted the operation of the law to such wills as had been made after it passed, because it was impossible for persons who had made wills previous thereto, to guard against the inconveniences of such alter-tions as might be made in the general law, on the subject, and to have excluded its operation in cases of intestate infants who are by law incapable of disposing of their estates; but the time for the commencement of the operation of the law being fixed to a day, the court have no discretion; and however hard we may think the defendants case to be, such is the law; by it must our decisions be governed, In the sixth clause of the will, testator says, if I should *238 die without male issue, or should such after born child prove a daughter, in that case I give, devise, &c. Thoro-f 800<^ lind Mount Holly estates unto my brother, W. A. Deas, his heirs, &c. Neither of these contingencies hap-p.;nec^ for he not die without male issue, which according to legal construction must be confined to a dying without leaving male issue at his death ; and the posthumous child did not prove to be a daughter. The consequence then is clear that the devise to defendant could not take effect, and the mother under the law before mentioned (as it then stood) became entitled to the whole estate devised tp her children who died infants • and intestate : No person being designated by the amendatory law to take the part which is therein directed tp go to the brothers and sisters.
In opposition to complainant’s demand respecting the-lands, defendant has pleaded the limitation act in bar thereof. If he had proved an adverse possession in Mount Holly, the court would have directed an issue for defendant to establish his title at law by the verdict of a jury; but as it is evident that the defendant being an executor, got possession of the estate in that character, the court cannot view him in any other light than as a trustee for the devisees, which circumstance alone would give this court ajurisdiction in the case of claims to land, for otherwise the question being merely, as to the validity of a title by possession, it is properly determinable in a court of law. (^Considering defendant therefore as a trustee, in which case the limitation act will not avail him, his plea must be overruled. J- Defendant must therefore account for the estate of his testator before the master, namely, the rents and profits of Mount Holly, the bonds which were taken for lands sold, and also the personal estate. Also that he deliver up to complainant all the deeds, evidences and writings relative to Mount Holly tract.
Afterwards in October, 1804, a motion was made for a bill of review, before Chancellors Rutledge and Mar- *239 Shall — which was argued, and the court finally directed an issue at law, wherein W. A. Deas should be pith,riff, and Dr. John Ramsay and his wife, defendants,- to ascertain whether.the plaintiifhas had quiet, peaceable, andun-interrupted possession of the Mount Holly lands, or any, ánd which part thereof, for five years before the filing of the complainant’s bill, with notice to the said complainants, ^defendants in the issue directed at law) of such possession.
Messrs. Parker, Gaillard,'Pringle, for complainants.
Messrs. D. Deas, Ward, Smith, for defendant.
On the trial of this issue at law, the plaintiff in the issue, W. A. Deas, went into proof of his adverse possession of the Mount Holly lands, and the jury found a verdict for the plaintiff, establishing his title ; which verdict was af-terwards supported by the court — (ex relatione.)'